her separate estate. This judgment was rendered December 29, 1869, and duly published, and decreed the house in which she then resided and the furniture therein (which is the furniture in question) to be her paraphernal property.

She further alleged that the defendant Maxwell had, on the twentieth of June, 1870, seized this furniture under a writ of *fi. fa.* issued on a judgment in favor of H. Hansell *v.* J. A. Pickett & Co., and she prayed for an injunction. It appears that her husband was one of the firm of J. A. Pickett & Co.

The defendants answered by a general denial and an allegation that the judgment of separation was fraudulent and collusive.

There was judgment in favor of plaintiff, perpetuating the injunction, and the defendants appealed.

The plaintiff established the case set forth in her petition, and the defendants failed to prove the single affirmative point made by them in their answer. They did not prove, nor even allege, that H. Hansell was a creditor at the time the judgment of separation was rendered, and it was therefore logically impossible for them to establish their allegation that it was rendered by collusion to defraud *him.* Rev. C. C. 2434; Morris *v.* Williams, 6 An. 391; Brassac *v.* Ducros, 4 Rob. 336.

Judgment affirmed.

Rehearing refused.

---

### No. 2445.—JOSEPH CHRISTEN *v.* R. KHULMAN.

The law does not authorize judgment to be rendered on a demand that is not due at the institution of the suit. In case suit be brought on several claims, only one of which is due, judgment will only be given on such claim, reserving to the plaintiff any privileges which he may have acquired by attachment on the property of the debtor on claims not yet due.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *L. Castera*, for plaintiff and appellee. *Hornor & Benedict*, for defendant and appellant.

HOWE, J. This suit was instituted on the twenty-second April, 1869, on five promissory notes, one of which was due at the time the suit was begun, and the rest of which were to fall due respectively September 23, 1869, March 23, 1870, September 23, 1870, and March 23, 1871.

There was an attachment issued upon the allegation that the defendant was about to mortgage or assign his property with intent to defraud his creditors, but no question in regard to the regularity or validity of the attachment is before us.

There was judgment rendered in favor of plaintiff on the twenty-fifth May, 1869, for the sum of $165 47, the amount of the note then

due, and it was further decreed "that said plaintiff have judgment against said defendant for the further sum of $500, to become due on the twenty-third September, 1869, $500 to become due on the twenty-third September, 1870, $500 on the twenty-third March, 1870, and $500 to become due on the twenty-third March, 1871."

We are not aware of any law authorizing judgment in such a case as this, save for the amount due at the moment judgment was rendered. 6 N. S. 685.

It is therefore ordered that the judgment appealed from be reversed and that plaintiff have judgment against defendant for the sum of one hundred and sixty-five dollars and forty-seven cents, with interest from March 23, 1869, and costs of lower court, and with attaching creditor's privilege, and that plaintiff pay costs of appeal; this without prejudice, however, to any privilege plaintiff may have acquired under the attachment for debts not due.

---

No. 2442.—SUCCESSION OF S. ANGLADA.—Opposition to Tutor's account by the Heir emancipated.

In this case all the questions in dispute between the tutor and the minor were referred to an auditor for adjustment, who made his report, which was homologated by the judge *a qu*? and judgment rendered thereon in conformity with the terms and conditions of the report. One of the conditions of the report was that in case the minor refused to receive a building which had been erected on the minor's property by the tutor without authority of law, that then the tutor should have the right of removing said building from the premises. The minor subsequently refused to pay for the building.

Held—That the judgment being in the alternative, giving the minor the right to accept or reject the building, and in the latter case the tutor had reserved to him the right of removing it, that as the minor had refused to accept the building, the tutor could not claim to be credited with the value of the building on the amount found to be due by him as tutor to the minor, but that he was left to exercise his right secured to him by the judgment of removing the building.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *T. A. Bartlette*, for appellant. *J. W. Thomas*, for appellee.

WYLY, J. In the judgment of thirty-first of May, 1869, the court below settled all the issues except as regards the interest due by the tutor on the revenues of the property, which question was referred to an auditor appointed by the court with instructions to compensate the interest found to be due by the tutor with the interest due by the minor "on the disbursement of $600 made by said tutor in the erection of a back building on the property of said minor," twenty days being allowed the auditor to file his report.

In the account thus homologated we find the following statement in reference to the disbursement by the tutor of $600 for the building on the property of the minor, viz: "The value of a two-story frame building covered with slate, 26x21, erected in the rear of the premises